# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 16-867V
(not to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | Chief Special Master Corcoran |
| KAYLON TIPPS, | * | |
| | * | |
| Petitioner, | * | Filed: March 9, 2023 |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*John R. Howie, Jr.,* Howie Law P.C., Dallas, TX, for Petitioner.

*Jennifer L. Reynaud*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On July 22, 2016, Kay and Cathell Tipps, on behalf of their minor son, Kaylon (referred to as 'K.T.' at the time of filing, but now the named Petitioner)[2] filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[3] Petitioner alleged that Meningococcal and Tetanus-Diphtheria-Acellular-Pertussis vaccines he received on July 24, 2013, caused him to suffer meningitis and seizures.

---

[1] Although I have not formally designated this Decision for publication, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] Mr. Tipps became the Petitioner when he turned 18, and the caption was accordingly amended. See Order, dated May 4, 2022 (ECF No. 82).

[3] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

The claim was litigated for several years, and eventually went to hearing on May 4-5, 2022. I subsequently issued a decision denying entitlement to compensation (Decision, dated December 9, 2022 (ECF No. 87), and Petitioner did not opt to appeal my determination.

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated February 23, 2023 (ECF No. 90). This is the first fees request made in the case's life. Petitioner requests a total of $187,585.62 in attorney's fees and costs ($142,408.60 in fees, plus $45,177.02 in costs) for the work of multiple attorneys, including Mr. John Howie, Jr., Ms. Zara Najam, and paralegals, from late 2013 to the present date. ECF No. 90 at 1–2.

Respondent reacted to the fees request on March 8, 2023. *See* Response, March 8, 2023 (ECF No. 91). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, but defers the calculation of the amount to be awarded to my discretion. *Id.* at 2–3. Petitioner filed a Reply on March 8, 2023. *See* Reply, March 8, 2023 (ECF No. 92).

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$187,585.62.**

## ANALYSIS

**I.     Petitioner's Claim had Reasonable Basis**

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[4] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020)

---

[4] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

2

(citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[5]

Petitioner's claim was ultimately unsuccessful, but I find there was sufficient objective basis to entitle him to a fees and costs award. Petitioner's medical history established that he had meningoencephalitis (although the parties disputed whether Petitioner's illness had a viral or autoimmune etiology) and that he received the vaccines at issue. He offered reasonable expert support for his claim, and though his theories were unpersuasively established, the dispute warranted a fair hearing. Thus, in light of the extremely lenient standard that governs reasonable basis determinations, a final award of fees and costs in this matter is permissible. And because I find no reason otherwise to deny a fees award, I will allow one herein.

## II.  Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into

---

[5] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys, based on the years work was performed:

|  | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **John Howie, Jr. (Attorney)** | - | $350 | $350 | $350 | $363 | $383 | $395 | $420 | $441 | $466 | $466 |
| **Zara Najam (Attorney)** | $225 | $225 | $225 | $225 | $233 | - | - | - | - | - | - |
| **Michael Gross (Paralegal)** | - | - | - | - | $160 | $160 | $182 | - | - | - | - |
| **Debbie Lupo (Paralegal)** | $100 | $100 | $135 | $135 | - | - | - | - | - | - | - |
| **Ashley Long (Paralegal)** | - | - | - | - | - | $140 | $145 | - | - | - | - |

| Elisa Bautista (Paralegal) | $35 | $35 | $50 | $50 | $50 | $65 | $80 | $120 | $148 | $160 | $160 |

ECF No. 90 at 1–2.

Attorneys at Howie Law P.C. have been recognized to practice in forum, entitling them to commensurate rates established in *McCulloch*. *See Miller v. Sec'y of Health & Hum. Servs.*, No. 19-128V, 2022 WL 10075347, at *2 (Fed. Cl. Spec. Mstr. Sept. 14, 2022). The requested rates for the attorneys and paralegals are also consistent with what has previously been awarded in accordance with the Office of Special Masters' fee schedule.[6] *See Whitehead-Williams v. Sec'y of Health & Hum. Servs.*, No. 18-1600V, 2022 WL 17852429, at *2 (Fed. Cl. Spec. Mstr. Nov. 30, 2022). I thus find no cause to reduce them in this instance. I also deem the time devoted to the matter reasonable and will therefore award it without adjustment.

### III. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $45,177.02 in outstanding costs, including medical record retrieval costs and costs associated with the work of two experts: Steven Lovitt, M.D., and David Axelrod, M.D. ECF No. 90 at 102–14. Dr. Lovitt authored two expert reports and testified at hearing (ECF Nos. 24-1, 32-1), and has submitted an invoice for a total of $22,800.00 (at a mixed hourly rate of $350.00 for file review, versus $500.00 for report preparation and the hearing).[7] Dr. Axelrod authored four expert reports and testified at hearing (ECF Nos. 29, 41-1, 57-1, 69-1). He submitted an invoice for a total of $24,300.00 (at an hourly rate of $400.00). The total amount for the experts' services was wholly reasonable for the work performed, and I do not find any reason to make any

---

[6] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 8, 2023).

[7] Although most experts in the Program charge a flat rate for their work, I do not find either rate requested by Dr. Lovitt for the different work performed to be unreasonable.

5

reductions to Drs. Lovitt and Axelrod's requested costs. All other requested costs in this matter appear reasonable, and they shall also be awarded without reduction.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs, and award a total of **$187,585.62,** reflecting ($142,408.60 in attorney's fees, and $45,177.02 in costs in the form of a check made jointly payable to Petitioner and his attorney, Mr. John Howie, Jr.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[8]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.